PER CURIAM.
The parties were divorced in 1987. The dissolution of marriage proceeding was uncontested as the parties had entered into a settlement agreement shortly before the *62 filing of the original petition. The settlement agreement was incorporated into the final judgment. Paragraph 12 of the agreement provided:
That upon (the former husband’s) retirement, he shall pay to (the former wife) one-half of the lump sum pension received or one-half of the monthly payments received each month by him for such pension.
The original petition, the final judgment, and the settlement agreement never specifically identified the pension referenced in this paragraph.
In 2004, the former wife filed a motion to enforce the final judgment. She alleged the former husband had recently retired and that she was entitled to receive one-half of his entire pension. The former husband filed a response generally denying the motion. He did not file a pleading requesting reformation of the settlement agreement.
An evidentiary hearing was held on November 18, 2005. At the hearing, the former wife called the former husband as an adverse witness. The former husband testified he had been employed at BellSouth at the time of the divorce. He further testified he had continued to work at Bell-South until his retirement in April, 2004. The former husband acknowledged that he had received a lump sum pension from BellSouth.
On cross-examination, the former husband was asked by his counsel: “What was your understanding of what you were agreeing to do regarding the retirement?” The former wife objected on the grounds of relevancy and parol evidence. The trial court permitted the former husband to answer the question, but only after stating: “So why should I allow parol evidence in to clarify what appears to be unambiguous ... ? I’ll overrule the objection, but I think it’s an uphill truck.” Earlier in the hearing, in apparent reference to paragraph 12 of the agreement, the trial judge had stated: “I can’t modify it.”
The former husband then testified the intent of the agreement was for the former wife to receive one-half of the marital portion of his BellSouth pension.[1] In apparent reliance on the trial court’s aforesaid comments, the former wife did not testify or otherwise present evidence attempting to refute the former husband’s testimony.
The trial court took the matter under advisement and subsequently entered a written order finding the former wife was only entitled to one-half of the marital portion of the former husband’s pension. In essence, the order reformed the parties’ settlement agreement. Although there was sufficient evidence to support a reformation of the parties’ agreement, we feel we must reverse for a new trial. During the evidentiary hearing, the trial judge made statements which definitely suggested it was unnecessary for the former wife to present any evidence regarding the parties’ intent as to paragraph 12. The former wife should not be penalized for her reasonable reliance on those statements, particularly when the former husband had not filed a pleading seeking reformation.
*63 On remand, the former husband shall be afforded the opportunity to file pleadings seeking reformation of the settlement agreement.
REVERSED and REMANDED.
ORFINGER, LAWSON and EVANDER, JJ., concur.

. On appeal, the former wife argued the trial court erred in overruling her objections. The former husband’s answer to the objected-to question was the only evidence presented as to the parties' intent. It was also the only evidence which supported a finding that the pension referenced in paragraph 12 of the settlement agreement was the former husband’s BellSouth pension. Ironically, if the former wife’s objection had been sustained, her motion to enforce would fail because of the lack of any evidence identifying the pension referenced in paragraph 12.